UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **2:19-cv-09010-DSF (MAA)** | Date: **January 7, 2020** |
| Title **Tracy L. Gamble Pryor v. Michael R. Powell** *et al.* | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order Dismissing Complaint Pursuant to Federal Rule of Civil Procedure 8 (ECF No. 1)

On October 18, 2019, Plaintiff Tracy L. Gamble Pryor ("Plaintiff"), proceeding *pro se*, filed a Complaint asserting violations of her civil rights against the Superior Court of California for the County of Los Angeles and eighteen government employees (collectively, "Defendants"). (Compl., ECF No. 1.) On November 12, 2019, the Court dismissed the Complaint for failure to comply with Federal Rule of Civil Procedure 8(a) ("Rule 8"), with leave to amend. ("Order," ECF No. 13.) Plaintiff filed a First Amended Complaint on December 12, 2019. ("FAC," ECF No. 15.)

Federal courts must conduct a preliminary screening of any case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted. *Id*. When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) standard, which is read in conjunction with Rule 8. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) ("Rule 12(b)(6) is read on conjunction with Rule 8(a) . . ..").

As the Court previously explained (*see* Order 1–2), Rule 8 requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 may be violated when a pleading "says *too little*," and "when a pleading says *too*

much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). While Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Moreover, a complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (citing cases upholding dismissals for those reasons).

The Court previously advised Plaintiff that the Complaint did not satisfy Rule 8. (*See* Order.) The Court concludes that the FAC also does not satisfy Rule 8, but will give Plaintiff another opportunity to amend her allegations to comply with the requirements of Rule 8 (summarized above). Specifically, Plaintiff must correct the FAC in the following manner.

First, as with the Complaint (*see* Order 2), it is difficult to understand Plaintiff's allegations or to identify Plaintiff's specific claims in the FAC. The majority of the FAC appears to be excerpts from an appellate brief in an unrelated case. (*See* FAC 9–53.) As the Court previously advised Plaintiff (*see* Order 2), if Plaintiff files an amended complaint, the allegations should be simple, concise, and direct, and Plaintiff's claims should be clearly labeled. Plaintiff should provide sufficient factual allegations to support each claim; Plaintiff is advised to omit any claims for which she lacks a sufficient factual basis. Plaintiff also is advised to omit any allegations that do not pertain to Plaintiff's specific case.

Second, it is difficult to ascertain the Defendants Plaintiff intended to name in the FAC. Plaintiff must clearly list each Defendant. In addition, as the Court previously advised Plaintiff (*see* Order 2), Plaintiff must provide specific factual detail regarding each Defendant's acts and omissions that allegedly violated Plaintiff's federal or Constitutional rights. Sufficient detail must be provided to give each Defendant fair notice of Plaintiff's claim against him or her. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal under Rule 8 where "one cannot determine from the complaint who is being sued, for what relief, and on what federal or Constitutional theory, and with enough detail to guide discovery."). In an amended complaint, Plaintiff should omit any Defendants for whom Plaintiff cannot provide specific factual allegations

regarding their acts or omissions.  Plaintiff also is advised to omit any Defendant who does not pertain to Plaintiff's specific case.

Third, although not entirely clear, it appears that the FAC alleges that Defendants are blocking the final judgment of a divorce, and seeks a writ of mandamus ordering Defendants to abide by state law and the state court.  (FAC 8.)  As the Court previously advised Plaintiff (*see* Order 3), pursuant to the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction to hear a de facto appeal from the judgment of a state court.  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003).  The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  "At its core, the *Rooker-Feldman* doctrine stands for the unremarkable proposition that federal district courts are courts of original, not appellate, jurisdiction."  *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1078 (9th Cir. 2000) (citing 28 U.S.C. §§ 1331, 1332).  Thus, to the extent Plaintiff seeks a de facto appeal of a state court judgment—including a state divorce judgment—Plaintiff's case would be barred by the *Rooker-Feldman* doctrine.

In light of the foregoing, the FAC is **DISMISSED** with leave to amend.  No later than **February 6, 2020**, Plaintiff must either: (1) file a Second Amended Complaint ("SAC") that complies with Rule 8; or (2) advise the Court that Plaintiff does not intend to file a SAC.

The SAC must cure the pleading defects discussed above and shall be complete in itself without reference to the FAC.  *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits.  The amended pleading shall not refer to the prior, superseding pleading.").  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC.  **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**

**Plaintiff is advised that failure to comply with this order will result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders**.  *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **2:19-cv-09010-DSF (MAA)**　　　　　　　　　Date: **January 7, 2020**

Title　**Tracy L. Gamble Pryor v. Michael R. Powell** *et al.*

　　　　If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants, she voluntarily may dismiss this action or particular Defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Plaintiff's convenience.**

　　　　Plaintiff is advised that this Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of the claim.  Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action.  However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections.  *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

It is so ordered.

<u>Attachments</u>
Notice of Voluntary Dismissal Form (CV-09)
Civil Rights Complaint Form (CV-66)